# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, vs. **12 GAUGE REMINGTON SHOTGUN**, **Defendant.** | CV 20-14-BLG-SPW-TJC  FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT, AND ORDER OF FORFEITURE |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On February 21, 2020, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *in Rem* against the defendant firearm, one Remington Arms Company, Inc. model Wingmaster, CAL: 12 gauge, SN: 406631V, which is unlawful to possess under 26 U.S.C. § 5861(d), and subject to forfeiture pursuant to 26 U.S.C. § 5872:

1

2. On March 13, 2020, Special Agent Stephen Williams executed the Warrant of Arrest *in Rem* (Doc. 4) that was issued by this Court on March 2, 2020, and arrested the defendant firearm. (Doc. 7, Declaration of Arrest).

3. On February 24, 2020, the United States provided "direct notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture (Doc. 2), and Verified Complaint In Rem (Doc. 1), to James Ray, via first class U.S. mail and Certified mail, to the address provided in his administrative claim (*See* Doc. 2).

4. On February 28, 2020, Claimant, James Ray, contacted Assistant United States Attorney, Victoria Francis, in regards to his claim to the defendant firearm, which he had reported stolen on December 25, 2018.

5. Pursuant to Supplemental Rule G(4)(b)(v), the United States provided "direct notice" of this civil asset forfeiture action on April 17, 2020, by sending via first-class U.S. mail and certified mail, copies of the Verified Complaint for Forfeiture *In Rem* (Doc. 1) and the Notice of Verified Complaint for Forfeiture *In Rem* (Doc. 6) to Ailene Parker, at the address provided in by law enforcement. However, both envelopes were returned by the USPS to the U.S. Attorney's Office, with notice that the addressee had moved, and was no longer at that address. (*See* returned, unable to forward, USPS First Class mailing, and USPS Certified mailing, attached to Doc. 12, as Exs. 1 and 2) *See also* Supplemental

Rule G(4)(b)(iii)(E). The United States contacted law enforcement for updated address information, but no other address was known for potential claimant. Counsel for the United States has checked CPClear, phone book, and internet search tools, and no new addresses were found.

6. On April 17, 2020, the United States provided "direct notice" of this forfeiture action by sending via first-class U.S. mail and certified mail, copies of the Verified Complaint for Forfeiture *In Rem* (Doc. 1) and the Notice of Verified Complaint for Forfeiture *In Rem* (Doc. 6) to Bobby Dawson, at the address provided in by law enforcement. The Certified Mailing was returned as unclaimed, but the First Class mailing is presumed delivered. (*See* USPS First Class mailing and returned certified mailing attached to Doc. 12, as Exs. 3 and 4). *See also* Supplemental Rule G(4)(b)(iii)(E).

7. On April 17, 2020, the United States provided "direct notice" of this forfeiture action by sending via first-class U.S. mail and certified mail, copies of the Verified Complaint for Forfeiture *In Rem* (Doc. 1) and the Notice of Verified Complaint for Forfeiture *In Rem* (Doc. 6), and the Amended Notice of Complaint for Forfeiture *In Rem* (Doc. 13) to Erica Platt, at the addresses provided by law enforcement and via CPClear. However, three of the four envelopes were returned by the USPS to the U.S. Attorney's Office, with notice that the addressee had moved, and was no longer at that address. (*See* returned, unable to forward, USPS

First Class mailing, and USPS Certified mailing, attached to Doc. 16, as Exs. 1 - 3). One envelope, sent by USPS first class mail, containing the Amended Notice of Complaint, was not returned, and is presumed delivered. (*See* copy of first class mailing, Doc. 16, Ex. 4).   *See also* Supplemental Rule G(4)(b)(iii)(E). The United States contacted law enforcement for updated address information, but no other address was known for potential claimant. Counsel for the United States has checked CPClear, phone book, and internet search tools, and no new addresses were found.

8.   Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on February 22, 2020, and ending on March 22, 2020. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (February 22, 2020) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 5, Att. 1).

9.   Upon considering the United States' Motion for Entry of Default of Known Potential Claimants, Ailene Parker and Bobby Brown, (Doc. 11) and

4

Declaration filed in support of the motion (Doc. 12), the Clerk of District Court entered the default of Ailene Parker and Bobby Brown, on June 24, 2020, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 14).

10.  Upon considering the United States' Motion for Entry of Default of Known Potential Claimant, Erica Platt, (Doc. 15) and Declaration filed in support of the motion (Doc. 16), the Clerk of District Court entered the default of Erica Platt, on July 28, 2020, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 17).

11.  Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants, (Doc. 8) and Declaration filed in support of the motion (Doc. 9), the Clerk of District Court entered the default of unknown potential claimants, on May 5, 2020, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 10).

12.  Plaintiff and Claimant, James Ray, entered into a Settlement Agreement, dated April 7, 2020, and filed with the Court on August 11, 2020. (Doc. 18). Pursuant to the Settlement Agreement, Claimant, James Ray, consents and agrees to allow the Alcohol, Tobacco, Firearms, and Explosives Agency to remove the sawed off barrel from the firearm. The parties agree that all right, title

and interest in the sawed off barrel of the shotgun, shall vest to the United States subject to the terms of this agreement. The parties further agree that the United States shall return to the Claimant, James Ray, the stock of the firearm. The stock of the firearm is to be transferred to the claimant after the removal of the sawed off barrel, and only after the United States Attorney's Office has no further need to retain the firearm as evidence in any criminal case, or appeal.

13. The factual allegations set forth in paragraphs 1 through 8, of the Verified Complaint for Forfeiture *In Rem* are verified by Stephen Williams, Special Agent for the Alcohol, Tobacco, Firearms and Explosives. (Doc. 1)

Based upon the foregoing Findings of Fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

14. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *in Rem* to forfeit the defendant firearm, consisting of one Remington Arms Company, Inc. model Wingmaster, CAL: 12 gauge, SN: 406631V, pursuant to 26 U.S.C. § 5872. Under the Settlement Agreement filed with the Court, the Alcohol, Tobacco, Firearms, and Explosives Agency will remove the sawed off barrel from the firearm. The parties agree that all right, title and interest in the sawed off barrel of the shotgun, shall vest to the United States subject to the terms of the

Settlement Agreement. The parties further agree that the United States shall return to the Claimant, James Ray, the stock of the firearm.

15. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit United States property found in this district, and the acts or omissions complained of occurred in this district.

16. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

17. In accordance with 26 U.S.C. § 5861(d), the sawed off barrel of the defendant firearm is subject to forfeiture under 26 U.S.C. § 5872.

18. Based on the facts set forth in the Verified Complaint *In Rem* and the Settlement Agreement filed with this Court, the sawed off barrel of the Remington Arms Company, Inc. model Wingmaster, CAL: 12 gauge, SN: 406631V, constitutes is unlawful to possess under 26 U.S.C. § 5861(d), which prohibits any person from receiving or possessing a firearm which is not registered to him in the National Firearms Registration and Transfer Record (NFRTR). The defendant firearm is not registered with the NFRTR, therefore, the sawed off barrel of the defendant firearm is forfeitable to the United States, pursuant to 26 U.S.C. § 5872.

The remaining stock of the Remington Arms Company, Inc. model Wingmaster, CAL: 12 gauge, SN: 406631V, shall be returned to claimant, James Ray, under the terms of the Settlement Agreement.

19. Notice of this action was properly provided in accordance with Supplemental Rule G(4)(b)(v) and (G)(4)(a)(iv)(C). No other person, other than James Ray, has asserted a claim for the defendant firearm.

20. Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C). Default if proper to any other potential known or unknown claimants under Fed. R. Civ. P. 55(b)(2).

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The sawed off barrel of the Remington Arms Company, Inc. model Wingmaster, CAL: 12 gauge, SN: 406631V is forfeited to the United States and shall be disposed of in accordance with the law.

2. The remaining stock of the Remington Arms Company, Inc. model Wingmaster, CAL: 12 gauge, SN: 406631V, shall be returned to claimant, James Ray.

3. The Alcohol, Tobacco, Firearms, and Explosives is directed, pursuant to the terms of the settlement agreement, to transfer to the claimant, James Ray, the stock of the Remington Arms Company, Inc. model Wingmaster, CAL: 12 gauge,

SN: 406631V, after the removal of the sawed off barrel, and only after the United States Attorney's Office has no further need to retain the firearm as evidence in any criminal case, or appeal.

4. Any other claims to the defendant firearm by persons are barred by default.

**DATED** this 12th day of August, 2020.

*/s/ Susan P. Watters*
SUSAN P. WATTERS
United States District Judge